**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MARCELINA MARTIN CALMO,**
an individual,
Plaintiff,

Hon.
Case No.

v.

**TYSON FOODS INC**
Delaware Corporation,
**DONNA CANO,** an individual,
jointly and severally
Defendants

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Juan Antonio Salazar-Aguero (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>asalazar@avantilaw.com | |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Marcelina Martin Calmo, by and through her attorneys, Avanti Law Group, PLLC, and for her complaint against Defendants Tyson Foods, Inc. and Donna Cano states as follows:

**NATURE OF ACTION**

1. This is a civil action for unlawful employment discrimination based on national origin, brought to recover for Defendants' violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").
2. This action is also brought to recover for Defendants' violation of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq. ("ELCRA").

3. Plaintiff alleges that Defendants unlawfully discriminated against her, subjected her to disparate treatment with respect to the terms, conditions, and privileges of her employment, and discharged her, because of her national origin (Guatemalan).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the claim asserted herein pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the value of the matter in controversy exceeds $75,000.

5. This Court has supplemental jurisdiction over Plaintiff's ELCRA claim pursuant to 28 U.S.C. § 1367(a), because that claim arises from the same case or controversy as Plaintiff's federal claim.

6. In the alternative, jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331, § 1343(a)(4).

7. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

8. Plaintiff has fulfilled all the conditions precedent to the institution of this action under 42 U.S.C. § 2000e. On or about **September 09, 2025**, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), EEOC #23A-2025-01433. The charge alleged that she had been discriminated against on the basis of her national origin, in violation of Title VII.

9. On May 27, 2026, the EEOC issued a Determination and Notice of Rights ("Notice") to Plaintiff. *See Exhibit A*.

10. This Complaint has been filed within ninety (90) days of receipt of the Notice.

11. Plaintiff has satisfied all conditions precedent and exhausted all administrative remedies required to bring her Title VII claim. Plaintiff's ELCRA claim requires no exhaustion of administrative remedies.

## PARTIES

12. Plaintiff Marcelina Martin Calmo ("Calmo") is an individual resident of the county of Kent, State of Michigan.
13. Plaintiff's national origin is Guatemalan.
14. Defendant Tyson Foods is a Delaware Corporation whose headquarters is located in Springdale, Arkansas.
15. At all times relevant to this complaint Plaintiff was employed at Defendants' Zeeland facility, which has an address of 8300 96th Ave, Zeeland, Michigan 49464.
16. Defendant Donna Cano served as Plaintiff's direct supervisor throughout the duration of her employment.
17. At all material times, Defendants were employers covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2201 et seq. ("ELCRA"), and Calmo was their employee.

## GENERAL ALLEGATIONS

18. Plaintiff was employed by Defendants on or about October 26, 1998, and continued until her termination on or about August 13, 2025.
19. At the time of termination, Plaintiff had been employed by Defendants and their predecessor for approximately twenty-seven (27) years.
20. Plaintiff was employed as a machine operator and worked the first shift, from approximately 5:30 a.m. to 3:00 p.m.
21. Throughout her employment, Plaintiff performed her job duties satisfactorily.

22. Plaintiff's direct supervisor was Defendant Cano, who is of Mexican descent.

23. Plaintiff and other Guatemalan employees working on her shift were subjected to disparate and discriminatory treatment because of their Guatemalan national origin.

24. During the course of Plaintiff's employment, Defendant Cano treated other employees more favorably than Plaintiff.

25. Defendant Cano subjected Plaintiff to heightened scrutiny and monitoring that other employees were not subjected to, including monitoring Plaintiff's break and restroom use and disciplining Plaintiff for returning from breaks as little as one minute late, while other employees who took longer breaks were not disciplined.

26. Defendant Cano denied Plaintiff opportunities to work overtime that were made available to other employees, including expressly informing Plaintiff that other employees were permitted to work on Saturdays while Plaintiff was not.

27. On or about June or July 2025, during a staff event at which food was provided to employees, Defendant Cano directed Plaintiff to remain at her workstation and continue operating machinery while other employees were permitted to participate in the event. As a result, Plaintiff was prevented from participating in the staff event alongside her coworkers.

28. Throughout her employment, Plaintiff worked with a coworker identified as Corey Scholl, who repeatedly mocked and ridiculed Plaintiff in the presence of other employees. On multiple occasions while Plaintiff was working, Plaintiff observed Scholl speaking with other employees, looking in Plaintiff's direction, and laughing at her.

29. On other occasions, Scholl would walk behind Plaintiff and mock her in the presence of other employees.

30. Scholl also mocked and made fun of Plaintiff on occasions when Plaintiff did not understand something that was being communicated to her.
31. Additionally, Scholl would make mocking or derogatory facial expressions toward Plaintiff.
32. This conduct occurred on multiple occasions during Plaintiff's employment and was witnessed by or occurred in the presence of other employees.
33. Plaintiff complained about the unequal and discriminatory treatment she experienced to multiple members of Defendants' management, including a manager identified as Andy Brewer, the plant manager identified as Tom Ciolek, and Human Resources personnel.
34. In or about April 2025, Plaintiff also reported the conduct through Defendants' anonymous reporting line.
35. Despite Plaintiff's repeated complaints, regarding the mistreatment from her co-worker and Defendant Cano, Defendant Tyson Foods failed to take meaningful corrective or remedial action to address the conduct reported by Plaintiff.
36. During the final year of Plaintiff's employment, Defendant Cano subjected Plaintiff to a series of disciplinary actions, including disciplinary reports issued on or about October 7, 2024; November 29, 2024; February 14, 2025; and April 9, 2025. Plaintiff alleges that these disciplinary write-ups were unwarranted and constituted part of the disparate treatment and heightened scrutiny to which she was subjected because of her Guatemalan national origin. Defendants ultimately terminated Plaintiff's employment on or about August 12 or 13, 2025.
37. Defendants purported to terminate Plaintiff's employment because she remained on Defendants' premises after the conclusion of her shift while waiting for a ride.

38. However, other employees were permitted to remain on Defendants' premises after their shifts while waiting for transportation without being subjected to the same discipline or termination.

39. Plaintiff questioned Defendants regarding the basis for this purported rule and requested that Defendants identify or provide the written policy prohibiting employees from remaining on the premises after their shifts while waiting for transportation. Defendants failed to identify or produce any such written policy.

40. Defendants' disparate enforcement of their purported workplace rules, their disciplinary actions against Plaintiff, and their stated reason for terminating Plaintiff's employment were pretextual and were motivated, at least in part, by unlawful discrimination based on Plaintiff's Guatemalan national origin.

41. Other employees outside Plaintiff's protected class were treated more favorably and were not subjected to the same heightened scrutiny, selective enforcement of workplace rules, discipline, or other adverse treatment imposed upon Plaintiff.

42. Had Plaintiff not been of Guatemalan national origin, she would not have been subjected to the disparate treatment, heightened scrutiny, selective discipline, or denial of opportunities.

**COUNT I**
**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e et seq.**
**(As To Defendant Tyson Foods Inc.)**

43. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

44. At all material times, Defendant Tyson Foods Inc. was an employer, and Plaintiff was an employee, within the meaning of Title VII.

45. Plaintiff is a member of a protected class based on her national origin (Guatemalan).

46. Plaintiff was qualified for her position and performed her job duties satisfactorily throughout her approximately twenty-seven years of employment.

47. Defendant Tyson Foods Inc, through their agents, representatives, and employees, subjected Plaintiff to adverse employment actions, including but not limited to heightened scrutiny, selective and disproportionate discipline, denial of overtime and other employment opportunities, and discharge.

48. Defendant Tyson Foods Inc. treated Plaintiff less favorably than other employees outside her protected class with respect to the terms, conditions, and privileges of employment.

49. Plaintiff's national origin was a motivating factor in Defendant Tyson Foods Inc's decisions to subject her to the adverse employment actions described above, in violation of 42 U.S.C. § 2000e-2(a)(1) and § 2000e-2(m).

50. As a direct and proximate result of Defendant Tyson Foods Inc.'s unlawful conduct, Plaintiff has sustained injuries and damages, including but not limited to lost wages and benefits (back pay and front pay), loss of earning capacity, loss of career and employment opportunities, mental and emotional distress, humiliation, and loss of the ordinary pleasures of everyday life.

51. Defendant Tyson Foods Inc.'s unlawful conduct was intentional and was undertaken with malice or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages under 42 U.S.C. § 1981a.

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 et seq.
## (As to All Defendants)

52. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

53. At all material times, Defendants were employers covered by, and within the meaning of, ELCRA, M.C.L. § 37.2201, and Plaintiff was Defendants' employee.

54. ELCRA prohibits an employer from discriminating against an individual with respect to the terms, conditions, or privileges of employment because of national origin. M.C.L. § 37.2202(1)(a).

55. Plaintiff's national origin was at least one factor that made a difference in Defendants' decisions to subject her to heightened scrutiny, selective discipline, denial of employment opportunities, and discharge.

56. Defendants, through their agents, representatives, and employees, treated Plaintiff differently from similarly situated employees outside her protected class, including employees of Mexican national origin, in the terms, conditions, and privileges of employment, based on an unlawful consideration of national origin.

57. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her national origin, in violation of ELCRA.

58. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained injuries and damages, including but not limited to lost wages and benefits, loss of earning capacity, loss of career and employment opportunities, mental and emotional distress, humiliation, and loss of the ordinary pleasures of everyday life.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in her favor against Defendants for the following relief:

A. All economic damages, including lost wages and benefits, back pay, front pay, and loss of earning capacity;

B. All noneconomic damages, including damages for mental and emotional distress, humiliation, and loss of the ordinary pleasures of everyday life;

C. Compensatory and punitive damages under Title VII and 42 U.S.C. § 1981a, subject to applicable statutory limits;

D. Equitable relief, including reinstatement or, in lieu thereof, front pay;

E. Reasonable attorney fees, costs, and interest as permitted under 42 U.S.C. § 2000e-5(k) and M.C.L. § 37.2802;

F. Pre-judgment and post-judgment interest; and

G. Such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Juan Antonio Salazar-Aguero (P85194)
Attorneys for Plaintiff
Avanti Law Group, PLLC

**REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorneys, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .

Robert Anthony Alvarez (P66954)
Juan Antonio Salazar-Aguero (P85194)
Attorneys for Plaintiff
Avanti Law Group, PLLC

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: _ 08-25-2026

Marcelina Martin Calmo
/s/
Macelina Martin Calmo